Frank M. Weyer, Esq. (State Bar No. 127011)
**TECHCOASTLAW™**
2032 Whitley Ave.
Los Angeles CA 90068
Telephone: (310) 494-6616
Facsimile: (310) 494-9089
fweyer@techcoastlaw.com

Attorney for Plaintiff
EveryMD.com LLC

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERYMD.COM LLC, a California Limited Liability Company,<br><br>                  Plaintiff,<br><br>             v.<br><br>TWITTER, INC., a Delaware Corporation,<br><br>                  Defendant. | Civil Action No. 2:15-cv-08836<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff EVERYMD.COM LLC ("Plaintiff" or "EveryMD"), and on information and belief alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement under 35 U.S.C. §§ 271 et. seq. and 28 U.S.C. §§ 1331 and 1338(a).

2. The acts of patent infringement alleged herein occurred within this judicial district, Plaintiff resides in this district, and Defendant TWITTER, INC.

("Defendant" or "Twitter") is subject to personal jurisdiction in this district. Therefore, venue is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## PARTIES

3. Plaintiff is a California Limited Liability Company with a place of business at 2032 Whitley Ave., Los Angeles, CA 90068.

4. Defendant is a Delaware Corporation with a place of business at 1355 Market Street, Suite 900 San Francisco, CA 94103..

## THE EVERYMD PATENTS

5. Plaintiff owns the website www.everymd.com.

6. Plaintiff's website at www.everymd.com has since 2001 provided individual home pages for over 300,000 doctors and electronic messaging services allowing patients to communicate with those 300,000 doctors.

7. Plaintiff's principals Frank Weyer and Troy Javaher (collectively, "the EveryMD inventors") invented numerous novel technologies and inventions during development of the www.everymd.com website.

8. On November 23, 1999, the EveryMD inventors filed U.S. Patent Application Serial No. 09/447,755 entitled "Method Apparatus and Business System for Online Communications with Online and Offline Recipients" disclosing the inventions made by the EveryMD inventors while developing the www.everymd.com website.

9. To date, five separate patents covering four separate inventions have issued from the patent application originally filed in November 1999. Those patents (collectively, the "EveryMD Patents") are U.S. Patent Nos. 6,671,714 (issued December 30, 2003), 7,644,122 (issued January 5, 2010), 8,499,047 (issued July 30, 2013), 8,504,631 (issued August 6, 2013) and 9,137,192 (issued September 15, 2015).

10. Plaintiff is the assignee of record of the EveryMD patents.

11. Plaintiff has provided constructive notice of the EveryMD patents by marking the patent numbers of the EveryMD patents on Plaintiff's website at www.everymd.com.

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF U:S: PATENT NO: 8,504,631

12. Plaintiff incorporates by reference paragraphs 1–11 as though fully set forth herein.

13. Plaintiff is the assignee of record of U.S. Patent 8,504,631 entitled "Method, Apparatus and Business System for Online Communications with Online and Offline Recipients" ("the '631 patent"). A copy of the '631 patent is attached as Exhibit 1.

14. The '631 patent is valid and in full force and effect.

15. Defendant Twitter directly infringes the '631 patent by practicing the claimed invention of the '631 patent without authorization of Plaintiff.

16. One example of how Twitter has directly infringed claim 1 of the '631 patent is set forth in the claim chart attached as Exhibit 2.

17. A second example of how Twitter has directly infringed claim 1 of the '631 patent is set forth in the claim chart attached as Exhibit 3.

18. On September 12, 2013, EveryMD filed a Complaint against Twitter in the U.S. District Court for the Central District of California as Civil Action No. 2:13-cv-06680-MRP-FFMx ("the Original Action") alleging infringement by Twitter of the '631 patent.

19. On January 10, 2014, Twitter, together with Google, Inc. ("Google"), submitted a petition for Inter Partes Review ("IPR") of the '631 patent to the Patent

Trial and Appeal Board of the United States Patent and Trademark Office (PTAB) (Case No. IPR2014-00347).

20. On January 15, 2014, EveryMD stipulated with Twitter to stay the Original Action pending a decision by the PTAB on Twitter and Google's petition for IPR.

21. On May 23, 2014, the PTAB denied Twitter and Google's petition for IPR.

22. On June 23, 2014, Twitter and Google filed a request for rehearing of the PTAB's decision denying Twitter's petition for IPR.

23. On June 30, 2014, the PTAB denied Twitter and Google's request for rehearing.

24. On July 9, 2014, Twitter and Google's attorney stated in writing to Plaintiff's counsel: "It is our read that the PTAB rejected the first petition largely because of the way it was drafted, and we intend to resubmit a new petition based on some similar and some new grounds. We intend to submit the petition within a month from now."

25. During a status conference for the Original Action On July 10, 2014, Twitter and Google's attorney represented to the Court that a second petition for IPR of the '631 patent with the PTAB would be filed "immediately". Twitter and Google's attorney stated: "[W]e know exactly what we need to do to refile that petition and intend to do so immediately."

26. On July 11, 2014, based on Twitter and Google's attorney's representation to the Court that a second petition for IPR would be filed "immediately", and in consideration of the Court's stated desire to not carry stayed, inactive cases on her docket, EveryMD stipulated with Twitter to voluntarily dismiss the Original Action to allow the promised second petition for IPR of the '631 patent to be considered by the Patent Office.

27. Despite Twitter and Google's attorney's promise to the Court to do so, and EveryMD's good faith stipulated dismissal of the Original Action based on that promise, a second petition for IPR of the '631 patent was not filed "immediately" (as Twitter and Google's attorney represented to the Court on July 10, 2014), within one month (as represented to Plainiff's attorney in writing on July 9, 2014), or at all.

28. Twitter is now barred from filing the second petition for IPR pursuant to 35 U.S.C. § 315(b).

29. On May 18, 2015, EveryMD filed a renewed complaint against Google in the U.S. District Court for the Central District of California as Civil Action No. 2:15-cv-3714-SJO-(JC) ("the Renewed Google Action") alleging infringement of the '631 patent.

30. On October 5, 2015, Google and EveryMD filed a "Joint Stipulation to Stay Case Pending Settlement" in the Renewed Google Action. In the joint stipulation, Google and EveryMD stipulated that the Renewed Google Action "be stayed for 30 days to allow the parties to amicably resolve" the Renewed Google Action.

31. On October 13, 2015, the parties filed a joint stipulation to dismiss the Renewed Google Action.

32. Twitter received actual notice of Plaintiff's patent rights in the '631 patent at least as early as the filing date of the Original Action, September 12, 2013, but has continued to act in conscious and willful disregard of those rights after receiving such actual notice.

## SECOND CAUSE OF ACTION
## INFRINGEMENT OF U:S: PATENT NO: 9,137,192

33. Plaintiff incorporates by reference paragraphs 1–32 as though fully set forth herein.

34. Plaintiff is the assignee of record of U.S. Patent 9,137,192 entitled "Method and Apparatus for Generating Web Pages for Members" ("the '192 patent"). A copy of the '192 patent is attached as Exhibit 4.

35. The '192 patent is valid and in full force and effect.

36. The '192 patent expressly includes the limitations that the Federal Circuit held were missing under the "broadest reasonable interpretation" standard applicable to Patent Office reexamination proceedings from the claims of U.S. Patent No. 7,644,122 ("the '122 patent").

37. Defendant Twitter directly infringes the '192 patent by practicing the claimed invention of the '192 patent without authorization of Plaintiff.

38. The '192 patent issued on September 15, 2015.

39. On September 29, 2015, Plaintiff sent Twitter a letter giving Twitter actual notice of Twitter's infringement of the '192 patent. According to the records of the U.S. Postal Service, the letter was delivered to Twitter on September 30, 2015.

40. Plaintiff's notice letter to Twitter included a copy of the '192 patent and a claim chart showing an example of how Twitter infringes claim 1 of the '192 patent. A copy of that claim chart is attached as Exhibit 5.

41. Twitter received actual notice of Plaintiff's patent rights in the '192 patent at least as early as September 30, 2015, but has continued to act in conscious and willful disregard of those rights after receiving such actual notice.

# DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff asks this Court to:

a. Enter judgment for Plaintiff against Defendant on each of the counts of this Complaint;

b. Award compensatory damages to Plaintiff and to increase those damages three times in accordance with 35 U.S.C. § 284;

c. Award Plaintiff reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

d. Award Plaintiff interest and costs; and

e. Award Plaintiff such other and further relief as is just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,
**TECHCOASTLAW™**

Dated: November 13, 2015   By: _____
Frank M. Weyer (State Bar No. 127011)
2032 Whitley Ave.
Los Angeles, CA 90068
(310) 494-6616
Fax (310) 494-9089
fweyer@techcoastlaw.com
Attorney for Plaintiff
EVERYMD.COM LLC